JACHARLES R. JONES, Judge.
Plaintiff/Appellant, Joseph Flowers, appeals the judgment of the Office of Workers’ Compensation rendered on July 12, 2000, dismissing his claim on the basis that his sole remedy was under the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C. § 901 et seq. Following a re *199 view of the record, we affirm the judgment of the Office of Workers’ Compensation.
Joseph Flowers sustained a work-related injury to his right hand and arm on July 5, 1996. Mr. Flowers filed a claim with the Office of Workers’ Compensation (hereinafter “OWC”) against his employer, Coastal Cargo Company, Inc. (hereinafter “Coastal”). Both parties filed motions for summary judgment relative to whether Mr. Flowers was precluded from bringing a claim for Supplemental Earnings Benefits under the Longshore and Harbor Workers’ Compensation Act (hereinafter “LHWCA”) when those benefits are not specifically available under the LHWCA. On July 12, 2000, OWC determined that the claimant’s sole remedy was under the LHWCA and not the Louisiana Workers’ Compensation Act (hereinafter ‘WCA”). The claim was dismissed without prejudice.
The OWC also informed Mr. Flowers that if the LHWCA declined jurisdiction, he would be able to reinstate his claim under the WCA. Subsequently, 652Mr. Flowers filed a claim under the LHWCA, which proceeded to trial on October 12, 2000. From those proceedings a judgment was rendered on January 22, 2001, stating that jurisdiction existed under the LHWCA, and that Mr. Flowers was entitled to compensation benefits for temporary total disability from July 5, 1996 through January 6, 1998; permanent total disability benefits from January 7, 1998 through July 26, 1998; and permanent partial disability benefits thereafter.
It is from the July 12, 2000 judgment that Mr. Flowers now appeals.
The primary issue in this appeal is whether Mr. Flowers is precluded from bringing a claim for loss of wage earning capacity benefits under the Louisiana Workers’ Compensation Act pursuant to La. R.S. 23:1035.2, when he has a remedy under the Longshore and Harbor Worker’s Compensation Act; and if so, whether that preclusion is unconstitutional on its face or in its application to Mr. Flowers.
Mr. Flowers argues that although he will be entitled to scheduled benefits under the LHWCA for Ms impairment and loss of function to his upper extremity, his loss of wage earmng capacity does not have a remedy under the federal act. Mr. Flowers argues that pursuant to La. R.S. 23:1035.2, he has no remedy for his loss because he is entitled to benefits under LHWCA. Mr. Flowers further argues that his loss of wage earning capacity will far exceed the amount of scheduled benefits, which he will receive for his impairment. Mr. Flowers contends that precluding him from claiming this loss amounts to the deprivation of a citizen’s right to seek a remedy, and not merely a legislative limitation on codal remedies. He further argues that the prohibition should be presumed to be limited only to prevent double recovery on the part of a claimant; and since the benefits in this case are separate and distinctly different, Mr. Flowers should be allowed to pursue a separate claim for those benefits, which are not provided for in the LHWCA.
65 3Mr. Flowers alternatively argues that should his remedy be prohibited by legislative edict, it would be violative of the Constitution and public policy. Mr. Flowers contends that La. R.S. 23:1035.2 is unconstitutional on its face or in its application towards him because it has eliminated his remedy for his loss.
Coastal argues that the Louisiana Legislature has decided, as a matter of public policy, that an injured worker whose claim falls within the jurisdiction of .the LHWCA is precluded from asserting a claim under the State Act. Although the statutory provisions between the WCA and the LHWCA may be different, Coastal *200 argues, that does not result in Mr. Flowers being without remedy under LHWCA. Coastal further argues that since La. R.S. 28:1035.2 precludes jurisdiction of this claim under the WCA, Mr. Flowers’ claim was properly dismissed.
Additionally, Coastal argues that Mr. Flowers was neither denied a remedy nor deprived of access to and opportunity to present his case to a court, and therefore, La. R.S. 23:1035.2 is constitutional, both in its entirety and as applied to Mr. Flowers’ claim.
“Longshore Act coverage is to be determined solely on the basis on [sic] the provisions of the Longshore Act, and without reference to the availability which any such ‘employees’ may have to remedies outside that law.” H.R. Rep. 98-570(1), p. 7, 1984 U.S.C.C.A.N. 2734, 2740. Therefore, it was proper for the Workers’ Compensation Court to look to the LHWCA to make a determination regarding jurisdiction in this matter, especially since the injury occurred while the worker was engaged in marine activities. Thus, we find that it was properly determined that the LHWCA had jurisdiction over the claim.
Pursuant to La. R.S. 23:1035.2 of the WCA, “no compensation shall be payable in respect to the disability or death of an employee covered by the Federal 65 4Em-ployer’s Liability Act, the Longshoremen’s (sic) and Harbor Worker’s (sic) Compensation Act, or any of its extensions, or the Jones Act.” Mr. Flowers recéived benefits under the LHWCA, and this provision precludes him from receiving additional compensation from WCA.
Mr. Flowers cites O’Regan v. Preferred Enterprises, Inc. 98-1602 (La.3/17/00), 758 So.2d 124, as support for his argument to claim loss of earning-potential under the WCA while receiving other benefits under LHWCA. However, O’Regan supports the notion that when a claimant does not have any remedy under the WCA because the claimant failed to prove that the disease occupational, the WCA’s exclusive remedy provision did not bar the employee from filing a subsequent suit in tort. This case discussed alternative options for the claimant when the case was not appropriate under the WCA; it did not grant the claimant the option to file a claim in both workers’ compensation and tort. Further, this case juxtaposes, a workers’ compensation claim against a tort, not a state workers’ compensation claim versus a federal workers’ compensation claim. Both acts give workers appropriate remedies for the injuries they sustained on the job.
In this case, Mr. Flowers will receive compensation for his injuries under the LHWCA, namely, temporary total disability from July 5, 1996 through January 6,1998; permanent total disability benefits from January 7, 1998 through July 26, 1998; and permanent partial disability benefits thereafter, and therefore we cannot find that he has been left injured entirely without a remedy. O’Regan at p. 14, 758 So.2d at 134.
Further, for the above reasons stated, La. R.S. 1035.2 is constitutional on its face and as applied to Mr. Flowers, because the legislature has the authority to limit codal remedies as long as it does not leave the injured party entirely without 65 5remedy. Although both acts may not provide the exact same compensation for the injuries sustained by their respective claimants, said claimants are not denied recovery for their injuries.

Decree

For the foregoing reasons, the judgment of the Office of Workers’ Compensation is hereby affirmed.

AFFIRMED.