MAX N. TOBIAS, JR., Judge.
hThe plaintiff, Shawn Johnson, appeals a 19 December 2014 judgment rendered by *610 the Office of Workers’ Compensation (“OWC”) dismissing his claim for compensation benefits under the Louisiana Workers’ Compensation Act (“LWCA”), with prejudice, on a declinatory exception of lack of subject matter jurisdiction filed by the defendants, ACE American Insurance Company and the Wood Group, pursuant to La. R.S. 23:1035.2.[1] For the reasons that follow, we vacate the judgment of the OWC and remand the matter with instructions.
Mr. Johnson, employed by the Wood Group as a mechanic working on some of its oil production platforms, sustained a work-related injury on 12 March 2014, while aboard a boat that was involved in a collision as it was traveling in Grand Pass.[2] Following his work-related accident, Mr. Johnson asserted claims for relief under both the LWCA and the Longshore and Harbor Workers’ Compensation Act, 33 U.S.C. § 901 et seq. (“LHWCA”).[3] At all times pertinent, the Wood Group ^maintained insurance coverage for both state benefits under the LWCA and claims for federal benefits under the LHWCA with two separate insurance carriers.[4]
At the 19 December 2014 hearing on the defendants’ declinatory and dilatory exceptions, the workers’ compensation judge (‘WCJ”) did not explicitly by judgment find that Mr. Johnson’s claim fell under the purview of the LHWCA; rather, she determined that his claim for compensation benefits did not fall under the LWCA. Consequently, finding the LWCA did not apply to Mr. Johnson’s work-related injury, the WCJ dismissed Mr. Johnson’s LWCA claim, with prejudice. Specifically, the WCJ stated in her oral reasons for judgment:
There is no longer concurrent jurisdiction anymore, so you know, it’s got to be one or the other. And if a fact scenario falls under another federal comp statute, doesn’t necessarily have to be Long-shore, it could be Jones Act, it could be the Outer Continental Shelf, you know, things along those lines, that would still preclude a state case.
Pursuant to La. R.S. 23:1035.2, “[n]o compensation shall be payable in respect to the disability or death of an employee covered by the Federal Employer’s Liability Act, the Longshoremen’s (sic) and Harbor Worker’s Compensation Act, or any of its extensions, or the Jones Act.” Accordingly, if Mr. Johnson is eligible to receive benefits under the LHWCA[5] or *611 other federal | ..¡compensation scheme, La. R.S. 23:1035.2 precludes him from receiving benefits pursuant to the LWCA. See Flowers v. Coastal Cargo Co., Inc., 01-0656, p. 1 (La.App. 4 Cir. 3/20/02), 815 So.2d 198, 200.
In the instant case, the parties do not strongly dispute that Mr. Johnson’s boating accident occurred on navigable waters of the United States (although Mr. Johnson does contend on appeal that the defendants failed to present sufficient evidence during the OWC hearing establishing that Grand Pass is a navigable waterway of the United States); nor does any dispute exist regarding whether Mr. Johnson was in the course and scope of his employment at the time his injury was sustained. The parties do, however, contest whether the evidence supports a finding that Mr. Johnson’s employment was sufficiently maritime-related to satisfy the “status” test necessary to qualify him for benefits under . the LHWCA. While Mr. Johnson avers the WCJ legally erred in determining that (1) his claim for compensation benefits was covered by the LHWCA, and (2) the defendants carried their burden of establishing that his claim satisfies the “status” and “situs” tests and, thus, falls under the LHWCA, we note again that the WCJ did not make a specific finding that Mr. Johnson’s claim is covered by the LHWCA or that it meets the situs and status eligibility requirements for benefits thereunder; the WCJ ruling is limited solely to a finding that Mr. Johnson’s claim does not fall under the LWCA. Consequently, these assignments of error are without merit.
Mr. Johnson further argues the WCJ erred in dismissing his claim for compensation under the LWCA with prejudice because, in the event it is determined in the federal court proceedings that he is not entitled to benefits under the LHWCA, he is, essentially, deprived of a remedy for compensation as a result |4of his work-related injury.[6] In this regard, Mr. Johnson urges this court to amend the OWC judgment to reflect a dismissal of his claim for benefits under the LWCA without prejudice.
While we recognize that a trial court has wide discretion to control and move its own docket, we find the WCJ abused that discretion in dismissing Mr. Johnson’s claim prior to the rendition of a definitive determination that Mr. Johnson was receiving, or is eligible to réceive, federal compensation benefits for his work-related injury, which would in turn preclude his eligibility to receive state compensation benefits under the LWCA. Accordingly, we vacate the OWC judgment and remand the matter to the OWC with instructions not to hear Mr. Johnson’s case until such time as a definitive judgment has been rendered by the federal court on whether Mr. Johnson qualifies for benefits under the LHWCA or other similar federal statute.

DECREE

The OWC judgment is vacated and this case is remanded to the OWC for further proceedings in accordance with this opinion.

*612
JUDGMENT VACATED; REMANDED.

. The defendants, contemporaneously with their declinatory exception of lack of subject matter jurisdiction, also filed dilatory exceptions of vagueness and non-conformity of the pleadings. Upon sustaining the defendants’ exception of lack of subject matter jurisdiction, the trial court dismissed the remaining dilatory exceptions as moot.

. Grand Pass is a navigable waterway that cuts from the Mississippi River at Venice, Louisiana to the Gulf of Mexico; it is also known as "the jump.”

. The record reflects that Mr. Johnson filed his claim for LHWCA benefits on 3 July 2014, and, thereafter, filed his claim for state benefits under the LWCA on 2 October 2014.

. At the time of the OWC hearing on 19 December 2014 regarding jurisdiction over Mr. Johnson's claim for state benefits under the LWCA, the LHWCA insurer was simultaneously denying coverage for federal benefits to Mr. Johnson under the LHWCA.

. In order to receive benefits under the LHWCA, a worker must meet a two-part status and situs standard. See 33 U.S.C. § 903; Bienvenu v. Texaco, Inc., 164 F.3d 901, 904 (5th Cir.1999). The situs test under this standard simply requires a finding that the worker suffered injury upon the navigable waters of the United States. Bienvenu, 164 F.3d at 904. The status test requires that the accident occur while the employee is engaged in the course of his employment on navigable waters and that the employee’s presence on *611 the water is neither transient nor fortuitous. Id., 164 F.3d at 908. In this regard, the presence of an injured worker on the water who performs a "not insubstantial” amount of his work on navigable waters is neither transient nor fortuitous. Id.

. But see La. R.S. 13:4232, which would apparently relieve Mr. Johnson of a claim by the defendant of res judicata should we affirm the judgment at issue and the federal proceedings result in a finding that he is not covered by a federal cause of action for his injuries.